■ ANTHONY M. AVELLANOSA et al., Respondents, v MISTRETTA ORAZIO, Individually and as Doing Business as QUEEN CITY PLUMBING, et al., Appellants. [752 NYS2d 451] —Appeal from an order of Supreme Court, Erie County (Rath, Jr., J.), entered May 29, 2001, which denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Anthony M. Avellanosa (plaintiff) was allegedly injured when the vehicle he was driving was rear-ended by a vehicle operated by defendant Mistretta Orazio. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Although defendants met their initial burden of proof, plaintiffs raised a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562), and thus we conclude that Supreme Court properly denied the motion.

In support of the motion, defendants submitted the deposition testimony of plaintiff wherein he acknowledged that he had not missed a day of work because of any injuries from the accident. In addition, defendants' medical expert affirmed that plaintiff had only "minimal" limitation of movement in the neck and "decreased sensation" in the median nerve of each hand. The expert opined that the injuries to plaintiff's neck and hands were not caused by the accident; that plaintiff had recovered from any injuries resulting from the accident; and that plaintiff had no residual disability. We conclude that defendants thereby met their initial burden of demonstrating that plaintiff did not sustain a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system, the two categories of serious injury alleged by plaintiffs (*see generally* Insurance Law § 5102 [d]; *Zuckerman*, 49 NY2d at 562).

Although plaintiffs did not provide an "expert's designation of a numeric percentage of plaintiff's loss of range of motion" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350, citing *Dufel v Green*, 84 NY2d 795, 798), the Court of Appeals has made

clear that an expert's affidavit does not have to "ascribe a specific percentage" to the injury so long as it "sufficiently describes the 'qualitative nature' of plaintiff's limitations 'based on the normal function, purpose and use of the body part' " (*id.* at 353). We conclude that the affidavit of a neurosurgeon incorporating his report raised an issue of fact sufficient to defeat defendants' motion. The report noted disc herniation and bilateral carpal tunnel syndrome supported by objective medical evidence in the form of nerve conduction tests and MRI reports. In addition, the report noted "marked restriction" of plaintiff's cervical spine "because of pain" and "decreased sensation in a median nerve distribution involving both hands." Although the neurosurgeon did not thereby quantify plaintiff's limitations, his report establishes a loss of normal function that is further supported by his final notation indicating that plaintiff is a candidate for surgery with respect to both his back and hands. Finally, the neurosurgeon indicated in his report that although "residual permanency is anticipated even with surgical correction * * * the degree of disability at this time obviously cannot be determined." At this juncture in the litigation plaintiff has not concluded his treatment to such a degree that a numeric percentage can be ascribed to his limitations, and we conclude that plaintiffs sufficiently raised an issue of fact with respect to the qualitative nature of plaintiff's injury to defeat defendants' motion. Present—Pine, J.P., Hayes, Hurlbutt, Kehoe and Burns, JJ.