■ In the Matter of ANDREW J. LIDDLE, Petitioner, v NEW YORK STATE AND LOCAL EMPLOYEES' RETIREMENT SYSTEM et al., Respondents. [751 NYS2d 633] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for ordinary disability retirement benefits.

In September 1997, while employed by the Department of Environmental Conservation, petitioner underwent surgery for the removal of a brain tumor. He returned to work thereafter and, in September 1998, took a position as a project coordinator. In December 1998, petitioner applied for ordinary disability retirement benefits and, in January 1999, he permanently left his employment. Following the denial of his application by respondent New York State and Local Employees' Retirement System, petitioner requested a hearing and redetermination. At the conclusion of the hearing, the Hearing Officer found that petitioner failed to sustain his burden of showing that he was permanently incapacitated from performing his job duties and recommended that his application be denied. Respondent Comptroller adopted the Hearing Officer's recommendation and denied petitioner's application. This CPLR article 78 proceeding ensued.

Based upon our review of the record, we find that substantial evidence supports the Comptroller's determination. It is well

settled that the Comptroller is vested with the exclusive authority to evaluate conflicting medical opinions and may choose to credit the opinion of one expert over another provided it is "an articulated, rational and fact-based opinion" (*Matter of Seon Sook Park v McCall*, 288 AD2d 603, 604; *see Matter of Fullone v New York State & Local Employees' Retirement Sys.*, 286 AD2d 831, 832). The case at hand presents a typical example of a disagreement among medical experts. On one hand, A. John Popp, the neurosurgeon who performed the surgery on petitioner, testified that although the tumor was successfully removed, petitioner suffered a partial loss of vision and experienced a cognitive dysfunction with depression. He opined that, as a result, petitioner was totally incapacitated from performing his job duties and his disability was permanent in nature. Similarly, Sukwinder Singh, a psychiatrist who evaluated petitioner, testified that petitioner was clinically depressed, experienced difficulties with sleep, concentration and memory, and exhibited aggressive behavior. He opined that due to petitioner's depression and cognitive deficits, petitioner was incapacitated from engaging in gainful employment. Marvin Denburg, a clinical psychologist who also examined petitioner, concurred with Singh's findings.

On the other hand, Ron Wolner, a psychiatrist who evaluated petitioner on behalf of the Retirement System, testified that petitioner did not exhibit signs of depression or memory loss, and performed adequately on a simple cognitive test. Wolner stated that petitioner told him he could easily perform the duties of a project coordinator and indicated that "he didn't experience any significant permanent deficits from the neurosurgery." He further stated that the results of a neuropsychological evaluation performed in September 1998 revealed that petitioner suffered only subtle cognitive deficits, the source of which was not clear. Wolner diagnosed petitioner with major depression in partial remission and opined that petitioner did not suffer from a permanent psychiatric disorder that would permanently disable him from carrying out his job duties. Judith Bodnar, a physician specializing in internal medicine, also testified on behalf of the Retirement System. She stated that petitioner suffered a loss of visual field in the left eye due to the brain surgery which adversely affected his ability to drive. She opined, however, that with the exception of driving, she did not believe petitioner was incapacitated from performing the duties of a project coordinator. Although evidence was presented that would support a contrary result, the Retirement System's experts provide support for the Comptroller's determination and we decline to disturb it (*see Matter of Kesick v*

*New York State & Local Employees' Retirement Sys.*, 257 AD2d 831).

Cardona, P.J., Mercure, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.