■ DANIEL C. LUBERDA, Appellant, v ANTHONY SPAMENI et al., Respondents. [755 NYS2d 662] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 20, 2002, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and denied his cross motion pursuant to CPLR 3025 (b) for leave to amend the bill of particulars to plead a significant disfigurement.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the proposed amended verified bill of particulars attached to the cross motion is deemed served.

In support of their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), the defendants failed to establish their prima facie entitlement to judgment as a matter of law (see Gaddy v Eyler, 79 NY2d 955 [1992]). The affirmed reports of the defendants' medical experts did not set forth the objective tests they performed during their examinations of the plaintiff which led them to conclude that he did not suffer a limitation with regard to his head and brain (see Wierzbicki v Mathew, 296 AD2d 400 [2002]). Accordingly, the defendants' motion should have been denied.

Moreover, the Supreme Court improperly denied the plaintiff's cross motion pursuant to CPLR 3025 (b) for leave to amend his bill of particulars to plead a "significant disfigurement." It is well settled that leave to amend pleadings should be freely given in the absence of significant prejudice to the other side (see CPLR 3025 [b]; Edenwald Contr. Co. v City of New York, 60 NY2d 957, 959 [1983]; Scheuerman v Health & Hosps. Corp. of City of N. Y., 243 AD2d 553, 554 [1997]). Here, the defendants did not demonstrate prejudice, and the allegation that the plaintiff's head scar constitutes a "significant disfigurement" within the meaning of the Insurance Law was not patently without merit (cf. O'Neill v O'Neill, 261 AD2d 459, 460 [1999]; compare Rulison v Zanella, 119 AD2d 957, 958, [1986], with Caruso v Hall, 101 AD2d 967, 968 [1984], affd 64 NY2d 843 [1985]). Santucci, J.P., Krausman, McGinity, Schmidt and Crane, JJ., concur.