■ In the Matter of VIRGINIA P. MARX, Appellant, v H. CARL McCALL, as New York State Comptroller, Respondent. [762 NYS2d 441] —Cardona, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered April 19, 2002 in Albany County, which dismissed petitioner's application, in a proceed-

ing pursuant to CPLR article 78, to review a determination of respondent denying petitioner's applications for ordinary and accidental disability retirement benefits.

Petitioner, a psychologist at the Hudson River Psychiatric Center, applied for accidental and ordinary disability retirement benefits claiming disablement from her employment due to various conditions resulting from three incidents occurring at work. The December 13, 1982 and September 13, 1985 incidents involved motor vehicle accidents. The other incident occurred on September 4, 1994 when petitioner fell and hit her head while stepping into an elevator several inches below floor level. After petitioner's applications were denied, a hearing was held at which petitioner presented evidence supporting her claims that she was permanently disabled due to, inter alia, temporomandibular joint disturbance, posttraumatic head injury, postconcussion syndrome, fibromyalgia, chronic pain, depression and cognitive deficits. In addition to other proof, petitioner's expert psychologist, Joan Rustler, testified, based upon a series of psychological tests, that petitioner was permanently incapacitated from performing her duties due to cognitive disabilities relating to the September 1994 incident. On behalf of the New York State and Local Employees' Retirement System, internist Judith Bodnar opined to the contrary.

Following the hearing, the Hearing Officer found that, although the incidents recounted by petitioner could be considered "accidents," petitioner's applications should be disapproved. Thereafter, respondent denied the applications concluding that petitioner failed to sustain her burden of proving that she was permanently incapacitated from the performance of her duties and, additionally, with respect to the application for accidental disability retirement, that she failed to prove that she was permanently incapacitated as the natural and proximate result of any of the three accidents. Petitioner commenced this CPLR article 78 proceeding, which was dismissed by Supreme Court.

Initially, it should be noted that petitioner has not alleged that respondent's determination is not supported by substantial evidence.* Petitioner's principal contention on this appeal is that the Hearing Officer abused his discretion by allowing, and

---

* In that regard, we note that petitioner only contests Bodnar's conclusion as to no permanent disability. She did not challenge respondent's secondary finding with respect to the accidental disability application that Rustler's testimony was insufficient to establish that the September 1994 elevator accident was the proximate cause of the claimed cognitive deficits (*see Matter of Caltabiano v New York State Employees' Retirement Sys.*, 135 AD2d 113

later crediting, the testimony of Bodnar concerning whether petitioner was permanently disabled as a result of cognitive deficits. Contrary to petitioner's argument, we cannot agree that only a psychiatrist or psychologist may competently render an opinion as to cognitive deficits. An internist could render such an opinion if the appropriate expertise and foundation were demonstrated; the fact that a physician was not a specialist in a particular area generally goes to the weight to be given the expert testimony and not its admissibility (*see Smith v City of New York*, 238 AD2d 500, 501 [1997]; 58A NY Jur 2d, Evidence and Witnesses § 653; *cf. Matter of Bull v McCall*, 291 AD2d 628 [2002]). Thus, petitioner was not deprived of a fair hearing by the Hearing Officer's denial of her request to preclude Bodnar's testimony.

Next, petitioner points out that, although Bodnar gave petitioner a physical examination and reviewed her medical records, she did not administer any psychological, psychiatric or standard memory tests to support her opinion. Instead, Bodnar based her opinion upon petitioner's ability to recite her "detailed" medical history in the course of a 45-minute preexamination interview. Bodnar testified that there was no evidence of memory loss or difficulty concentrating that would preclude petitioner from performing her employment duties. According to petitioner, Bodnar's failure to perform even the most basic cognitive test (*see e.g. Matter of Liddle v New York State & Local Employees' Retirement Sys.*, 300 AD2d 817, 818 [2002]) rendered her opinion "so lacking in foundation or rationality as to preclude [respondent] from exercising the authority to evaluate conflicting medical opinions" (*Matter of Piekiel v McCall*, 282 AD2d 922, 924 [2001]; *see e.g. Matter of Wygand v Regan*, 135 AD2d 1060 [1987]). Although petitioner raises several pertinent arguments as to the sufficiency and proper foundation of Bodnar's testimony, even assuming that her challenges are dispositive, such a determination does not end the inquiry in this matter. Significantly, the Hearing Officer made specific findings that he did not find Rustler to be a credible witness on the issue of permanency. In denying petitioner's applications, respondent noted the Hearing Officer's finding that petitioner "did not establish that her condition is permanent." Thus, even if Bodnar's testimony is ruled out, that does not mean that petitioner sustained her burden of proving permanent incapacity. A fact finder is not required to accept evidence offered by a party simply because the oppos-

---

[1988]). Accordingly, petitioner's accidental disability retirement application could not be granted even if petitioner prevailed on appeal.

ing party does not offer contrary proof (*cf.* PJI3d 1:8 [2002]). Given that the findings as to the weight to be accorded Rustler's testimony as to permanency are essentially unchallenged in this proceeding, we find no basis to reverse Supreme Court's judgment dismissing the petition.

Mercure, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.