■ KIM M. HOFFMANN et al., Appellants, v CURT L. STECHENFINGER et al., Respondents. [772 NYS2d 432]—

Appeal from an order of the Supreme Court, Erie County (Salvatore R. Martoche, J.), entered October 9, 2002. The order granted defendants' motion for summary judgment on the issue of serious injury, dismissed the complaint in its entirety and denied plaintiffs' cross motion to amend the bill of particulars.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying defendants' motion in part and reinstating those parts of the complaint as amplified by the bill of particulars with respect to the permanent consequential limitation of use of a body organ or member and/or significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and reinstating the derivative cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for allegedly serious injuries sustained by Kim M. Hoffmann (plaintiff) when the vehicle she was driving was struck by a vehicle driven by defendant Curt L. Stechenfinger. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint in its entirety. Although defendants met their initial burden on the motion by submitting evidence that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see Avellanosa v Orazio*, 299 AD2d 831 [2002]), we conclude that the affidavit of plaintiff's chiropractor and its accompanying report raise issues of fact whether plaintiff sustained a serious injury under the permanent consequential limitation of use or significant limitation of use categories of section 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). In particular, plaintiff's chiropractor noted that plaintiff had subluxations at C2 and C6 on palpation and that the joint mobility of plaintiff's cervical region was "fixed" in comparison to that region's normal range of motion. Considered in the light most favorable to plaintiff, that objective medical evidence, along with the chiropractor's averments that the condition would be permanent and would likely worsen, is sufficient to defeat the motion for summary judgment with respect to those two categories of serious injury (*see Avellanosa*, 299 AD2d at 831-832; *see also Toure v Avis Rent A Car Sys.*, 98 NY2d at 353; *Leahey v Fitzgerald*, 1 AD3d 924 [2003]). On the other hand, the court properly granted that part of defendants' motion for summary

judgment on the issue of serious injury under the 90/180 category because plaintiffs failed to submit evidence establishing that plaintiff was prevented "from performing substantially all of the material acts which constitute [her] usual and customary daily activities" for at least 90 out of the 180 days immediately following the accident (Insurance Law § 5102 [d]; *see Parkhill v Cleary*, 305 AD2d 1088, 1089-1090 [2003]; *see generally Licari v Elliott*, 57 NY2d 230, 236 [1982]). Finally, the court did not abuse its discretion in denying the cross motion of plaintiffs to amend their bill of particulars to allege significant disfigurement (*cf. Luberda v Spameni*, 303 AD2d 384 [2003]; *see generally Zulawski v Zulawski*, 170 AD2d 979 [1991]). Defendants' examining physician described the alleged disfigurement of plaintiff's forearm as "almost imperceptible," and plaintiffs failed to submit any evidence in support of the cross motion to amend to controvert that description. Thus, we modify the order by denying defendants' motion in part and reinstating those parts of the complaint as amplified by the bill of particulars alleging that plaintiff sustained a permanent consequential limitation of use and/or a significant limitation of use with respect to her alleged cervical and right arm injuries and reinstating the derivative cause of action. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.