■ CHRISTINE M. VITEZ, Appellant, v JOSEPH W. SHELTON, Respondent. [776 NYS2d 422]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered February 12, 2003. The order granted defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying

the motion in part and reinstating the complaint, as amplified by the amended bill of particulars, with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when her vehicle was rear-ended by defendant's vehicle and/or the trailer it was pulling. Plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We reject at the outset plaintiff's contention that Supreme Court abused its discretion in addressing the merits of the motion, which was made more than 120 days after the filing of the note of issue (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 128-129 [2000]; *Welch Foods v Wilson*, 277 AD2d 882, 883 [2000]).

The court properly granted the motion insofar as the complaint, as amplified by the amended bill of particulars, alleges that plaintiff sustained a permanent loss of use of a body organ, member, function or system. The proof submitted by defendant establishes that plaintiff's alleged back injury is not "total" and plaintiff failed to raise a triable issue of fact (*Oberly v Bangs Ambulance*, 96 NY2d 295, 299 [2001]). Defendant further met his initial burden with respect to the 90/180 category by establishing that plaintiff returned to work one month after the accident and was not otherwise prevented from performing substantially all of the material acts that constitute her usual and customary daily activities for at least 90 of the 180 days immediately following the accident, and plaintiff failed to raise a triable issue of fact. Thus, the court also properly granted the motion with respect to that category (*see Parkhill v Cleary*, 305 AD2d 1088, 1089-1090 [2003]; *Ingram v Doe*, 296 AD2d 530, 531 [2002]).

The court erred, however, in granting the motion insofar as plaintiff alleges that she sustained a permanent consequential limitation of use of a body organ or member and a significant limitation of use of a body function or system. Even assuming, arguendo, that defendant met his initial burden with respect to those two categories of serious injury, we conclude that plaintiff raised triable issues of fact. Plaintiff submitted objective proof of a bulging disc at the L4-5 level and damaged discs at the L3-4 and L5-S1 levels, together with the qualitative assessment of

her condition by her treating physician, who concluded that plaintiff's injury was significant, permanent, and causally related to the accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]; *Salomon v Hadco Aluminum & Metal Corp.*, 1 AD3d 426 [2003]; *Parkhill,* 305 AD2d at 1089). We therefore modify the order accordingly. Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.