■ MARGARITA SKINNER, Respondent, v CITY OF SYRACUSE et al., Appellants. [780 NYS2d 463]—

Appeal from an order of the Supreme Court, Onondaga County (Charles T. Major, J.), entered March 19, 2003. The order, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the claims with respect to the dismemberment, fracture, and permanent loss of use of a body organ, member, function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries allegedly sustained by her when she was struck by a van while walking through a parking lot. Defendant Lonny P. Bornstein was driving the van, which was owned by defendant City of Syracuse Parks and Recreation. The van backed into plaintiff with enough force to cause her to fall to the ground. It is undisputed that plaintiff, who was 78 years old at the time of the accident, suffered from severe, preexisting osteoarthritis. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the motor vehicle accident at issue, and Supreme Court denied the motion.

The court properly denied defendants' motion with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d). Defendants met their initial burden on the motion with respect to those categories of serious injury through the affirmation of their examining physician, who opined that plaintiff's preexisting arthritic condition was not materially affected by the accident and that the bilateral knee replacements undergone by plaintiff were unrelated to the accident. We conclude, however, that plaintiff raised an issue of fact by submitting the affidavit of her treating orthopedic surgeon, who opined that plaintiff's arthritic condition was materially exacerbated by the accident and that the exacerbation necessitated the knee replacements.

We further conclude, however, that the court erred in denying defendants' motion with respect to the dismemberment,

fracture, and permanent loss of use of a body organ, member, function or system categories of serious injury within the meaning of Insurance Law § 5102 (d). Defendants established that plaintiff did not sustain dismemberment or a fracture as a result of the accident, and the affidavit of plaintiff's physician does not raise an issue of fact in that regard. In addition, defendants established that plaintiff did not lose total use of her knees as a result of the accident. Thus plaintiff failed to raise an issue of fact in that regard (*see Vitez v Shelton,* 6 AD3d 1180 [2004]; *see also Oberly v Bangs Ambulance,* 96 NY2d 295, 299 [2001]). We therefore modify the order accordingly. Present—Pine, J.P., Hurlbutt, Gorski, Martoche and Lawton, JJ.