■ TANIOS M. CONSTANTINE et al., Respondents, v JANENE A. SERAFIN, Appellant. [790 NYS2d 917]—

Appeal from an order of the Supreme Court, Erie County (Eugene M. Fahey, J.), entered February 2, 2004 in a personal injury action. The order denied defendant's motion for summary judgment and transferred the matter to Buffalo City Court.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Tanios M. Constantine (plaintiff) when a vehicle driven by defendant struck the vehicle driven by plaintiff. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) under the two categories of serious injury alleged by plaintiffs, i.e., the permanent loss of use and 90/180 categories of serious injury.

With respect to the permanent loss of use category, defendant established as a matter of law that plaintiff's alleged cervical spine injury is not "total" (*Oberly v Bangs Ambulance*, 96 NY2d 295, 299 [2001]), and plaintiffs failed to raise a triable issue of fact. With respect to the 90/180 category, defendant established

as a matter of law that plaintiff did not sustain the requisite "medically determined injury or impairment" (Insurance Law § 5102 [d]). In support of the motion, defendant submitted records of plaintiff's treating physicians merely recording plaintiff's subjective complaints of pain and tenderness and failing to provide the requisite objective evidence of plaintiff's alleged injury or impairment (*see Nitti v Clerrico*, 98 NY2d 345, 357 [2002]; *O'Neal v Cancilla*, 294 AD2d 921 [2002]; *Brown v Wagg*, 280 AD2d 891 [2001], *lv denied* 96 NY2d 711 [2001]; *see generally Franchini v Palmieri*, 1 NY3d 536, 537 [2003]). Indeed, one of those treating physicians noted that plaintiff has full range of motion of his neck and shoulder without tenderness. Further, the physician who examined plaintiff on defendant's behalf concluded that any weakness or decreased range of motion was "voluntary" because plaintiff was able to extend his cervical spine fully when his oral cavity was examined. In opposing defendant's motion with respect to the 90/180 category, plaintiffs failed to raise an issue of fact whether plaintiff's alleged injury or impairment was medically determined (*see generally Vitez v Shelton*, 6 AD3d 1180, 1181 [2004]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Lawton, JJ.