■ EVELYN WHEELER, Appellant, v DANIELA LAECHNER et al., Respondents. [824 NYS2d 830]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered November 1, 2005 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment on the issue of liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the fracture category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed with costs to plaintiff.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained in a motor vehicle accident and now appeals from an order that, inter alia, granted defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff contends on appeal that she sustained a serious injury within the meaning of two categories, i.e., the 90/180 and fracture categories set forth in section 5102 (d). We conclude that Supreme Court properly granted that part of defendants' motion with re-

spect to the 90/180 category. Defendants made a prima facie showing of their entitlement to judgment with respect to that category, and plaintiff failed to submit the requisite "objective medical evidence to establish a qualifying injury or impairment" during the period at issue (*Nitti v Clerrico*, 98 NY2d 345, 357; *see Constantine v Serafin*, 16 AD3d 1145, 1145-1146 [2005]). We agree with plaintiff, however, that the court erred in granting that part of defendants' motion with respect to the fracture category, and we therefore modify the order accordingly. Although defendants met their initial burden by establishing that plaintiff did not sustain a fracture, plaintiff raised a triable issue of fact by submitting the affirmed report of defendants' examining physician stating that, in his opinion, x-rays taken of plaintiff on the day of the accident demonstrated that she sustained "a probable minor fracture at her left pubic symphysis as a result of the . . . motor vehicle accident" (*see Elston v Canty*, 15 AD3d 990 [2005]; *see generally Matott v Ward*, 48 NY2d 455, 459-463 [1979]). Present—Hurlbutt, A.P.J., Martoche, Centra and Pine, JJ.