■ CHRISTOPHER HARRIS et al., Respondents, v NICOLE M. CARELLA, Appellant. [839 NYS2d 886]—

Appeal from an order of the Supreme Court, Niagara County (Gerald J. Whalen, J.), entered August 2, 2006 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the permanent loss of use of a body organ, member, function or system, fracture and significant disfigurement categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Christopher Harris (plaintiff) when the vehicle he was driving collided with a vehicle driven by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and Supreme Court denied the motion.

The complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury within the meaning of six categories of Insurance Law § 5102 (d). We note at the outset

that defendant abandoned her contention that plaintiff did not sustain a serious injury under the 90/180 category inasmuch as she failed to address that category in her brief on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]), and we therefore do not address that category. We conclude, however, that the court should have granted the motion with respect to three of the five remaining categories.

With respect to the permanent consequential limitation of use and significant limitation of use categories, we agree with defendant that the court erred in refusing to consider the affidavit of a physician who examined plaintiff on defendant's behalf based on the court's determination that the affidavit was inadequate. The expert's affidavit establishes that the examining physician is licensed to practice medicine in this state, and "the fact that a physician [is] not a specialist in a particular area generally goes to the weight to be given the expert['s affidavit] and not its admissibility" (*Matter of Marx v McCall*, 306 AD2d 797, 799 [2003]; *see Williams v Halpern*, 25 AD3d 467 [2006]; *cf. Elliot v Long Is. Home, Ltd.*, 12 AD3d 481, 482 [2004]; *Mills v Moriarty*, 302 AD2d 436 [2003], *lv denied* 100 NY2d 502 [2003]). In addition, the physician properly relied upon an MRI report and similar reports prepared by plaintiff's treating physicians in rendering his opinion (*see generally Franchini v Palmieri*, 1 NY3d 536, 537 [2003]; *Meely v 4 G's Truck Renting Co., Inc.*, 16 AD3d 26, 29-30 [2005]). Although "[those] reports were unsworn, the . . . medical opinion[ ] relying on those . . . reports [is] sworn and thus competent evidence" (*Brown v Dunlap*, 4 NY3d 566, 577 n 5).

We conclude that, although defendant met her initial burden with respect to those two categories of serious injury inasmuch as her examining physician opined that plaintiff sustained only a mild injury that was healing and that he had no bulging discs or other objective indicia of injury (*see Constantine v Serafin*, 16 AD3d 1145 [2005]), plaintiffs raised an issue of fact with respect to those categories (*see generally Avellanosa v Orazio*, 299 AD2d 831 [2002]; *Calucci v Baker*, 299 AD2d 897 [2002]). In opposition to defendant's motion, plaintiffs submitted the affidavit of plaintiff's treating chiropractor, who stated that plaintiff had a loss of lordosis in his cervical spine, muscle spasms, and a loss of range of motion in his cervical and lumbar spine (*see Mancuso v Collins*, 32 AD3d 1325 [2006]). The chiropractor also stated that plaintiff's injury was significant, permanent, and causally related to the accident, thus raising a triable issue of fact whether plaintiff sustained a serious injury under the permanent consequential limitation of use and significant limitation

of use categories (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]; *Vitez v Shelton*, 6 AD3d 1180, 1181-1182 [2004]). Contrary to defendant's contention, the chiropractor set forth the tests that he used to ascertain the degree of plaintiff's loss of range of motion and correlated that loss to the normal range of motion for the relevant areas of plaintiff's spine.

We agree with defendant, however, that the court erred in denying those parts of her motion with respect to the three remaining categories of serious injury. Defendant submitted evidence establishing as a matter of law that plaintiff had some use of his spine. Thus, defendant's motion should have been granted with respect to the permanent loss of use category, which requires a total loss of use of a body organ, member, function or system (*see Oberly v Bangs Ambulance*, 96 NY2d 295, 297 [2001]). Defendant also established as a matter of law that plaintiff did not sustain a fracture in the accident, and plaintiff failed to raise a triable issue of fact in opposition (*cf. Wheeler v Laechner*, 34 AD3d 1222 [2006]). Finally, defendant submitted evidence establishing as a matter of law that plaintiff did not sustain a significant disfigurement (*see Hemmes v Twedt*, 180 AD2d 925, 926 [1992]), and plaintiffs failed to address that category in opposition to defendant's motion. We therefore modify the order accordingly.

We have considered defendant's remaining contentions, and we conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Smith and Green, JJ.