■ Lori A. Frazier, Formerly Known as Lori A. Burton, Appellant, v Joseph G. Keller, as Temporary Administrator of the Estate of Earl W. Pfarner, Deceased, Respondent. [882 NYS2d 786]—

Appeal from an order of the Supreme Court, Cattaraugus County (Michael L. Nenno, J.), entered July 7, 2008 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the amended complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion in part

and reinstating the amended complaint, as amplified by the amended bill of particulars, with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained in a motor vehicle accident that occurred in 1999 when the vehicle she was driving was struck by a vehicle driven by defendant's decedent. Although plaintiff also commenced a separate action against two other defendants seeking damages for injuries she allegedly sustained in a motor vehicle accident that occurred in 2000, this appeal does not involve that accident. Defendant moved for summary judgment dismissing the amended complaint in the action commenced against decedent, who had not yet died, on the ground that plaintiff did not sustain a serious injury in the 1999 accident within the meaning of any of the three serious injury categories alleged by plaintiff in the amended complaint, as amplified by the amended bill of particulars (*see* Insurance Law § 5102 [d]). Plaintiff appeals from the order granting that motion.

Addressing first the 90/180-day category, we conclude that Supreme Court properly granted the motion with respect to that category. Defendant met his initial burden of establishing his entitlement to judgment as a matter of law, and plaintiff failed to submit evidence sufficient to raise a triable issue of fact whether she was "prevented from performing substantially all of the material acts that constitute her usual and customary daily activities for at least 90 of the 180 days immediately following the [1999] accident" (*Vitez v Shelton*, 6 AD3d 1180, 1181 [2004]; *see Licari v Elliott*, 57 NY2d 230, 236 [1982]; *Parkhill v Cleary*, 305 AD2d 1088, 1089-1090 [2003]).

With respect to the permanent consequential limitation of use and significant limitation of use categories, we agree with plaintiff that, although defendant established his entitlement to judgment as a matter of law with respect to those categories, plaintiff raised a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to the motion, plaintiff submitted medical records in which her loss of cervical range of motion was quantified and was attributed in part to the 1999 accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). We therefore modify the order accordingly. Present—Scudder, P.J., Martoche, Fahey, Carni and Pine, JJ.