■■■ Daniel P. Caldwell, Appellant, v Rhonda D. Ward et al., Respondents. [914 NYS2d 474]—

Appeal from an amended order of the Supreme Court, Wayne County (John B. Nesbitt, A.J.), entered November 4, 2009 in a personal injury action. The amended order, insofar as appealed from, granted defendants' motion for summary judgment.

It is hereby ordered that the amended order insofar as appealed from is reversed on the law without costs, the motion is denied with respect to the fracture category of serious injury within the meaning of Insurance Law § 5102 (d) and the complaint, as amplified by the bill of particulars, is reinstated.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when a vehicle operated by defendant Rhonda D. Ward collided with the vehicle driven by plaintiff, under icy conditions. Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We note at the outset that, although plaintiff contended in his bill of particulars that he sustained a serious injury under several categories of serious injury set forth in Insurance Law § 5102 (d), on appeal he contends only that he sustained a serious injury within the meaning of the fracture category and thus is deemed to have abandoned any issues with respect to the remaining categories (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]). We conclude that, although defendants met their initial burden by establishing that plaintiff did not sustain a fracture, plaintiff raised a triable issue of fact to defeat the motion with respect to the fracture category (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). He submitted the affirmed report of his primary care physician stating that plaintiff "did sustain an anterior compression fracture causally related" to the motor vehicle accident in question, and he also submitted the affirmed report of his orthopedic surgeon stating that, based upon X rays taken in 2006 as well as those taken in 2008, he "sustained mild compression fractures at T12 and L1 in February 2006 related to a motor vehicle crash" (see Wheeler v Laechner, 34 AD3d 1222 [2006]; Boorman v Bowhers, 27 AD3d 1058 [2006]).

All concur except Martoche, J.P., who dissents and votes to affirm in the following memorandum.

Martoche, J.P. (dissenting). I respectfully dissent and would affirm the order granting defendants' motion for summary judgment dismissing the complaint for reasons stated in the decision at Supreme Court with respect to the fracture category. Present—Martoche, J.P., Fahey, Carni, Lindley and Sconiers, JJ.