# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

283
CA 15-01327
PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

LATANYA Y. STAMPS AND RONALD STAMPS, JR.,
PLAINTIFFS-RESPONDENTS,

V                                        MEMORANDUM AND ORDER

PATRICK D. PUDETTI, DEFENDANT-APPELLANT.

---

CONNORS CORCORAN & BUHOLTZ PLLC, ROCHESTER (EILEEN E. BUHOLTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

CELLINO & BARNES, P.C., ROCHESTER (RICHARD P. AMICO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered December 16, 2014.  The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating that part of the written decision entered December 16, 2014 finding that plaintiff raised triable issues of fact on the significant disfigurement category of serious injury and as modified the order is affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking damages for personal injuries allegedly sustained by Latanya Y. Stamps (plaintiff) when a vehicle operated by defendant rear-ended the vehicle being operated by plaintiff.  In their original bill of particulars, plaintiffs alleged that plaintiff had suffered various injuries including a "cervical sprain and strain," a "lumbosacral strain and sprain," disc bulging and disc protrusions at various levels of the cervical spine, narrowing of the spinal canal, and neural foraminal stenosis.  Plaintiffs further alleged that plaintiff suffered a serious injury under the permanent consequential limitation of use and significant limitation of use categories of serious injury (*see* Insurance Law § 5102 [d]).  In a separate order preceding the order on this appeal, Supreme Court awarded plaintiffs partial summary judgment on the issue of negligence.

Before that order was entered, however, defendant filed the instant motion for summary judgment seeking dismissal of plaintiffs' complaint for failure to meet the serious injury threshold and for failure to incur economic loss exceeding basic economic loss.  In opposition to the motion, plaintiffs submitted, inter alia, a

"supplemental verified bill of particulars" in which they added an allegation that plaintiff had sustained a serious injury under the significant disfigurement category of serious injury (Insurance Law § 5102 [d]).  Defendant objected to plaintiffs' attempt to " 'supplement' " their bill of particulars in opposition to the motion.

Supreme Court granted defendant's motion insofar as it concerned plaintiffs' claims for economic loss, but denied the motion "in all other respects."  In its decision supporting the order, the court wrote that the evidence submitted by plaintiffs raised triable issues of fact on all three categories of serious injury.  Only defendant appeals.

We agree with defendant that plaintiffs improperly asserted a "new injury" in their "supplemental verified bill of particulars" (CPLR 3043 [b]; see Schreiber v University of Rochester Med. Ctr., 74 AD3d 1812, 1812; cf. CPLR 3042 [b]; Tate v Colabello, 58 NY2d 84, 86-87), and that the court erred in considering that new category of serious injury inasmuch as it was raised for the first time in opposition to defendant's motion for summary judgment (see Christopher V. v James A. Leasing, Inc., 115 AD3d 462, 462; see also Guzek v B & L Wholesale Supply, Inc., 126 AD3d 1506, 1507; Robinson v Schiavoni, 249 AD2d 991, 992).  We thus conclude that the claim of significant disfigurement was not cognizable by the court (see Torres v Dwyer, 84 AD3d 626, 626), that it was error for the court to consider the new injury claim (see Christopher V., 115 AD3d at 462), and that the court should have disregarded evidence related to that category of serious injury (see MacDonald v Meierhoffer, 13 AD3d 689, 689).  To the extent that the court's order incorporated the court's written decision addressing the merits of that category of serious injury, we vacate that part of the court's order.

We nevertheless agree with plaintiff that the court properly denied defendant's motion for summary judgment with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury.  Even assuming, arguendo, that defendant met his initial burden on the motion, we conclude that plaintiffs raised triable issues of fact by submitting the reports of treating physicians and independent medical examiners "who relied upon objective proof of plaintiff's injury, provided quantifications of plaintiff's loss of range of motion along with qualitative assessments of plaintiff's condition, and concluded that 'plaintiff's injur[ies] [were] significant, permanent, and causally related to the accident' " (Moore v Gawel, 37 AD3d 1158, 1159; see Frazier v Keller, 64 AD3d 1161, 1162; Harris v Carella, 42 AD3d 915, 916; see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 350).  Contrary to defendant's contention, to the extent that there may have been a gap in treatment between October 2010 and June 2011, that purported gap is not fatal to plaintiff's claims where, as here, plaintiff explained that her insurance could not cover her treatment anymore, and that she was therefore compelled to pay for it herself (see Ramkumar v Grand Style Transp. Enters. Inc., 22 NY3d 905, 906-907, rearg denied 22 NY3d 1102; Garza v Taravella, 74 AD3d 1802, 1803; cf. Smyth v McDonald, 101 AD3d

1789, 1790-1791).

Finally, we conclude that, contrary to defendant's contention, the court did not err in considering the affirmed expert report of a certified orthopedic spinal surgeon, which was submitted by plaintiffs in opposition to defendant's motion.  Inasmuch as that expert report constitutes the affirmed statement of a physician, it has "the same force and effect as an affidavit" (CPLR 2106 [a]).  Moreover, because the surgeon also holds a Ph.D. in mechanical and aerospace engineering, he was "qualified to offer an opinion regarding the biomechanics or physics of the collision" (*Russell v Pulga-Nappi*, 94 AD3d 1283, 1284; *see Anderson v Persell*, 272 AD2d 733, 735).

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court