Pesquiera v Nixon (2021 NY Slip Op 50878(U))

[*1]

Pesquiera v Nixon

2021 NY Slip Op 50878(U) [73 Misc 3d 126(A)]

Decided on May 28, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 28, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-55 Q C

Geanna M. Pesquiera, Appellant,
against
Paul Nixon and Zitta M. Burke, Respondents.

Law Office of Elana Sharara (Elana Sharara of counsel), for appellant.
Law Office of Charles F. Harms, Jr. (Michael A. Buffa of counsel), for respondents.

Appeal from an order of the Civil Court of the City of New York, Queens County (Lance
Evans, J.), entered May 13, 2019. The order granted defendants' motion for summary judgment
dismissing the complaint.

ORDERED that the order is affirmed, without costs.
In this action commenced in Supreme Court, Queens County, plaintiff seeks to recover for
personal injuries she allegedly sustained when she was struck by defendants' motor vehicle in
August of 2012. A note of issue was filed in Supreme Court in 2014 and the case was
subsequently transferred to the Civil Court pursuant to CPLR 325 (d). Thereafter, the case was
marked off the Civil Court trial calendar. On September 26, 2018, plaintiff filed a notice of trial.
One hundred twenty days later, defendants moved for summary judgment dismissing the
complaint on liability and on the ground that plaintiff had not sustained a serious injury pursuant
to Insurance Law § 5102 (d). 
In support of the motion, defendants submitted, among other things, an affirmed report of
plaintiff's neurological examination, setting forth the normal results of range of motion testing of
plaintiff's lumbar and cervical spines, and the finding that plaintiff does not exhibit objective
evidence of any neurological disability. Defendants also submitted affirmed reports of a
radiologist who reviewed plaintiff's left knee and lumbar spine MRIs and found no injury
associated with the subject accident. In opposition, plaintiff argued that the motion was untimely
[*2]in that it was made more than 120 days after the note of issue
had been filed in Supreme Court on November 26, 2014. Plaintiff's papers failed to include any
evidence concerning the serious injury issue. 
By order entered May 13, 2019, the Civil Court granted defendants' motion, finding that the
motion was timely and that plaintiff had failed to submit any medical evidence in opposition
despite having received an adjournment of over a month to do so, and thus failed to controvert
defendants' prima facie showing of entitlement to summary judgment based on a lack of serious
injury (see Insurance Law § 5102 [d]). Contrary to plaintiff's argument, defendants'
motion for summary judgment was timely made after the notice of trial was filed in the Civil
Court on September 26, 2018 (see CPLR 3212 [a]).
Defendants made a prima facie showing through competent medical evidence that plaintiff
had not sustained a serious injury within the meaning of Insurance Law § 5102 (d) as
evidenced by, among other things, the affirmed report of plaintiff's neurological examination and
the affirmed reports of the radiologist (see Constantine v Serafin, 16 AD3d 1145 [2005]).
Defendants thereby shifted the burden to plaintiff to raise a triable issue of fact as to whether
plaintiff sustained a serious injury (see Gaddy v Eyler, 79 NY2d 955 [1992]). Plaintiff's
proof in opposition was insufficient to raise a triable issue of fact. Consequently, defendants'
motion for summary judgment dismissing the complaint was properly granted.
Accordingly, the order is affirmed.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 28, 2021