■ IRINE PITTMAN, Appellant, et al., Plaintiff, v JAMIE A. RICKARD, Respondent. [743 NYS2d 795] —Appeal from an order of Supreme Court, Erie County (Whelan, J.), entered October 30, 2001, which denied plaintiff Irine Pittman's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries allegedly sustained by Irine Pittman (plaintiff) when the vehicle in which she was a passenger collided with a vehicle driven by defendant. Contrary to the contention of plaintiff, Supreme Court properly denied that part of her motion seeking summary judgment on the issue of defendant's negligence. "[W]hen [an action] is founded on a claim of negligence, the plaintiff will generally be entitled to summary judgment 'only in cases in which there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct either was not really involved (such as with a passenger) or was clearly of exemplary prudence in the circumstances' " (*Andre v Pomeroy,* 35 NY2d 361, 364-365; *see Ugarriza v Schmieder,* 46 NY2d 471, 475-476). Here, the evidence is conflicting with respect to the alleged negligence of defendant and plaintiff husband, and there is an issue of fact whether defendant's conduct " 'fell far below [the] permissible standard of due care' " (*Andre,* 35 NY2d at 365).

We further conclude that the court properly denied that part of plaintiff's motion seeking summary judgment on the issue whether plaintiff sustained a serious injury. Although plaintiff

met her initial burden of establishing that she sustained a serious injury, defendant raised a triable question of fact on that issue. It is well established that "conflicting expert opinions may not be resolved on a motion for summary judgment" (*Williams v Lucianatelli,* 259 AD2d 1003, 1003; *see Corbett v County of Onondaga,* 291 AD2d 886, 887). Present—Hayes, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.