■ MICHAEL W. BUGOW, Respondent, v JAMES E. JACKOWSKI, JR, et al., Appellants. [775 NYS2d 722]—Appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.),

entered February 13, 2003. The order denied defendants' motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Plaintiff commenced this action to recover damages for injuries he allegedly sustained when his vehicle was rear-ended by a vehicle driven by defendant James E. Jackowski, Jr. and owned by defendant Erie Materials, Inc. Although defendants met their initial burden on the motion, we conclude that the affidavit of plaintiff's expert raises an issue of fact whether plaintiff sustained a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system within the meaning of Insurance Law § 5102 (d) (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "It is well established that 'conflicting expert opinions may not be resolved on a motion for summary judgment' " (*Pittman v Rickard*, 295 AD2d 1003, 1004 [2002], quoting *Williams v Lucianatelli*, 259 AD2d 1003, 1003 [1999]). Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.