■ JOSEPH M. DINGELDEY, Respondent, v PAUL J. KUEBLER, Defendant, and ROBERT P. HOFFMAN, Appellant. [789 NYS2d 791]—

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered October 29, 2003. The order, insofar as appealed from, denied in part the motion of defendant Robert P. Hoffman for summary judgment dismissing the complaint against him in a personal injury action.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint against defendant Robert P. Hoffman is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for an injury to his cervical and lumbar spine allegedly arising from two motor vehicle accidents that occurred approximately two years apart. The first accident occurred in April 1999 when plaintiff's vehicle collided with a vehicle driven by Robert P. Hoffman (defendant). Supreme Court granted in part the motion of defendant for summary judgment dismissing the complaint against him by granting the motion with respect to certain categories of serious injury allegedly sustained by plaintiff, and defendant contends on appeal that the court should have granted his motion in its entirety. We agree.

The two remaining categories of serious injury allegedly sustained by plaintiff are a permanent consequential limitation of use of a body organ or member and a significant limitation of use of a body function or system (*see* Insurance Law § 5102 [d]).

In support of the motion, defendant submitted, inter alia, excerpts of plaintiff's deposition testimony, various medical records and reports concerning plaintiff, and the affirmation and attached report of the physician who conducted an independent medical examination of plaintiff. The evidence submitted by defendant establishes that plaintiff sustained no injury of any permanence, consequence or significance as a result of his accident with defendant. Thus, defendant met his initial burden with respect to the two remaining categories of serious injury, and plaintiff failed to submit evidentiary proof in admissible form sufficient to raise a triable issue of fact (*see Zeigler v Ramadhan*, 5 AD3d 1080, 1082 [2004]; *cf. Bugow v Jackowski*, 6 AD3d 1179, 1180 [2004]; *Hoffman v Stechenfinger*, 4 AD3d 778, 779 [2004]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352-353 [2002]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Present—Pigott, Jr., P.J., Pine, Kehoe, Gorski and Martoche, JJ.