CHESTER A. JAROMIN, JR., Appellant, v DONNA J. NORTHRUP, Respondent. [833 NYS2d 813]—

Appeal from an order of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered March 3, 2006 in a personal injury action. The order granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the motor vehicle in which he was a passenger was rear-ended by a vehicle operated by defendant. We conclude that Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We note

that plaintiff conceded that he has abandoned his claim with respect to the 90/180 category of serious injury.

With respect to the remaining categories, permanent loss of use, permanent consequential limitation of use and significant limitation of use, we conclude that defendant met her initial burden by establishing that plaintiff did not sustain a qualifying serious injury that was causally related to the accident, and plaintiff failed to raise any issues of fact with respect to those categories (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to the motion, plaintiff submitted the affidavit of a physician who first examined him more than 3¹/₂ years after the accident. Plaintiff's physician failed to address the gap in plaintiff's treatment, and he failed to address the finding of defendant's expert that the abnormality at L4-5 was caused by an osteophyte, a characteristic of plaintiff's preexisting chronic and long-term degenerative condition at that level (*see Pommells v Perez*, 4 NY3d 566, 572-575 [2005]). Plaintiff correctly argues that, as a general principle, "conflicting expert opinions may not be resolved on a motion for summary judgment" (*Cooper v City of Rochester*, 16 AD3d 1117, 1118 [2005] [internal quotation marks omitted]; *see Pittman v Rickard*, 295 AD2d 1003, 1004 [2002]; *Williams v Lucianatelli*, 259 AD2d 1003 [1999]). Nevertheless, plaintiff's physician failed to "provide either 'a numeric percentage of . . . plaintiff's loss of range of motion' or a '*qualitative* assessment of . . . plaintiff's condition.' " (*Parkhill v Cleary*, 305 AD2d 1088, 1089 [2003], quoting *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350), nor did plaintiff's physician " 'compare[ ] the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system' " (*id.*, quoting *Toure*, 98 NY2d at 350). Further, the opinion of plaintiff's physician is based only upon plaintiff's subjective complaints of pain and thus is insufficient to overcome defendant's entitlement to summary judgment (*see Kinchler v Cruz*, 22 AD3d 808 [2005]). Present—Scudder, P.J., Centra, Lunn, Peradotto and Pine, JJ.