■ DAVID R. BARNES et al., Appellants, v VICTOR L. ESTES et al., Respondents. [848 NYS2d 472]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 9, 2006 in a personal injury action. The order and judgment, among other things, granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by David R. Barnes (plaintiff) when the motor vehicle in which he was a passenger collided with a truck owned by defendant Ryder Truck Rental, Inc. Defendant Victor L. Estes was driving the truck in the course of his employment with defendant Sherwood Food Distributors Partnership of Orleans International & Regal Packing, Inc. Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We reject plaintiffs' contention that the court erred in granting the motion under the permanent consequential limitation of use category. Defendants met their initial burden with respect to that category by submitting the affirmation of a physician who examined plaintiff on defendants' behalf, and plaintiffs failed to raise a triable issue of fact. According to the affirmation of defendants' examining physician, the CT scan and MRI studies did not indicate that plaintiff suffered any acute injury as a result of the accident, and the bulging discs at L3-4, L4-5 and L5-S1 were due to "congenital abnormalities" (*see Moore v Gawel*, 37 AD3d 1158, 1159 [2007]; *Giraldo v Mandanici*, 24 AD3d 419 [2005]; *Fountain v Sullivan*, 261 AD2d 795, 795-796 [1999]). Although plaintiffs submitted the requisite objective evidence of plaintiff's bulging discs, they also were required to provide the evaluation of an expert indicating "either 'a numeric percentage of [the]

plaintiff's loss of range of motion' or a '*qualitative* assessment of [the] plaintiff's condition . . . , provided that the evaluation . . . compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system' " (*Parkhill v Cleary*, 305 AD2d 1088, 1089 [2003], quoting *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *see also Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Guzman v Michael Mgt.*, 266 AD2d 508 [1999]). Here, the affirmation of plaintiff's treating physician does not provide a numeric percentage representing plaintiff's loss of range of motion, nor does it provide a qualitative comparison of plaintiff's limitations to the normal function of plaintiff's spine. Present— Scudder, P.J., Gorski, Lunn, Fahey and Green, JJ.