ARON J. BEATON, Appellant, v BURTON W. JONES, Respondent. [857 NYS2d 383]—

Appeal from an order and judgment (one paper) of the

Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered January 2, 2007 in a personal injury action. The order and judgment granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order and judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle he was driving collided with a vehicle owned and operated by defendant. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We note at the outset that plaintiff has abandoned his contention that he sustained a permanent loss of use, as set forth in his bill of particulars, inasmuch as he failed to address that category of serious injury in his brief on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Contrary to the contention of plaintiff, we conclude that defendant met his burden by establishing as a matter of law that plaintiff did not sustain a significant limitation of use or permanent consequential limitation of use, two of the remaining three categories of serious injury that plaintiff allegedly sustained in the accident. "For [those] two statutory categories, [the Court of Appeals has] held that '[w]hether a limitation of use or function is "significant" or "consequential" (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part' " (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002]). In support of his motion, defendant submitted, inter alia, certified copies of plaintiff's emergency room records and the affirmations of two medical experts, one of whom examined plaintiff on behalf of defendant. Defendant thereby established that plaintiff sustained only a mild injury as a result of the accident and that there was no objective medical evidence that plaintiff sustained a significant or permanent injury (*see Parkhill v Cleary*, 305 AD2d 1088, 1088-1089 [2003]; *Sewell v Kaplan*, 298 AD2d 840 [2001]).

In opposition to defendant's motion, plaintiff submitted the affirmation of his treating neurosurgeon, who opined that plaintiff sustained "a head injury, loss of range of motion in the cervical spine, post-concussive syndrome, whiplash disorder and a C5-6 herniated disc." That neurosurgeon did not, however, provide a numeric percentage of plaintiff's loss of range of mo-

tion or a qualitative assessment that "has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*Toure*, 98 NY2d at 350). Plaintiff also submitted the affirmation of a neurosurgeon who examined plaintiff at the request of his attorney. That neurosurgeon stated that his physical examination of plaintiff demonstrated that plaintiff had sustained approximately 75% loss of range of motion of the extension of his cervical spine. While "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury" (*id.*), here the neurosurgeon examined plaintiff more than three years after the accident and did not relate the loss of extension to the herniated disc or any other objective finding (*cf. Harris v Carella*, 42 AD3d 915, 916-917 [2007]), nor did he explain the absence of any such findings of restrictions in neck motion for 2½ years before his exam (*see generally Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669, 670 [2007]). Furthermore, the views of plaintiff's experts with respect to plaintiff's head pain, including one expert's diagnosis of "occipital neuralgia," were based upon plaintiff's subjective complaints only, and thus were insufficient to defeat defendant's motion (*see Jaromin v Northrup*, 39 AD3d 1264, 1265 [2007]; *Kinchler v Cruz*, 22 AD3d 808 [2005]). Also contrary to the contention of plaintiff, he failed to raise an issue of fact whether his posttraumatic stress disorder is related to the accident, to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Defendant also met his burden with respect to the 90/180 category, the third category of serious injury allegedly sustained by plaintiff. Defendant met his initial burden with respect to that category, and plaintiff failed "to submit the requisite objective evidence of a 'medically determined injury or impairment of a non-permanent nature' . . . and [failed] to establish that the injury caused the alleged limitations on plaintiff's daily activities" (*Calucci v Baker*, 299 AD2d 897, 898 [2002]). Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ.