■ DAVID L. DANN, Appellant, v NOELLE M. YEH et al., Respondents. [865 NYS2d 472]—

Appeal from an order of the Supreme Court, Monroe County

(Evelyn Frazee, J.), entered May 14, 2007 in a personal injury action. The order granted the motions of defendants for, inter alia, summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained while he was a passenger in a motor vehicle operated by defendant Christopher E. Dann. Christopher Dann's vehicle rear-ended a vehicle and was then rear-ended by a vehicle operated by defendant Noelle M. Yeh. Supreme Court properly granted defendants' respective motions for, inter alia, summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of the significant limitation of use and 90/180 categories set forth in Insurance Law § 5102 (d).

With respect to the significant limitation of use category, defendants submitted the report of a chiropractor who examined plaintiff and concluded that plaintiff's cervical and lumbar range of motion was within normal limits, that all cervical orthopedic testing was negative, and that plaintiff had sustained a cervical sprain/strain as a result of the accident, which had been resolved. "Defendant[s] thereby established that plaintiff sustained only a mild injury as a result of the accident and that there was no objective medical evidence that plaintiff sustained a significant . . . injury" (*Beaton v Jones*, 50 AD3d 1500, 1501 [2008]; *see Licari v Elliott*, 57 NY2d 230, 236 [1982]; *Clark v Perry*, 21 AD3d 1378 [2005]; *Dingeldey v Kuebler*, 15 AD3d 961 [2005]). In opposition, plaintiff failed to raise a triable issue of fact with respect to that category. The affirmations of plaintiff's treating neurologist and treating physician are insufficient to raise a triable issue of fact because they fail to set forth the tests conducted to support the conclusions in the affirmations and whether those tests were objective in nature (*see Burke v Carney*, 37 AD3d 1107 [2007]; *Calucci v Baker*, 299 AD2d 897, 898 [2002]). Further, plaintiff's neurologist failed to "provide either 'a numeric percentage of . . . plaintiff's loss of range of motion' or a 'qualitative assessment of . . . plaintiff's condition' " (*Parkhill v Cleary*, 305 AD2d 1088, 1089 [2003], quoting *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *see Robinson v Polasky*, 32 AD3d 1215, 1216 [2006]), nor did plaintiff's neurologist " 'compare[ ] the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system' " (*Parkhill*, 305 AD2d at 1089, quoting *Toure*, 98 NY2d at 350; *see Jaromin v Northrup*, 39 AD3d 1264, 1265 [2007]).

In addition, we agree with defendants that the conclusions of plaintiff's treating physician appear to have been based upon her review of unsworn MRI and CT scan reports, upon which plaintiff cannot rely (*see Goldin v Lee*, 275 AD2d 341, 342 [2000]; *Merisca v Alford*, 243 AD2d 613, 614 [1997]). The physician also appears to rely on plaintiff's subjective complaints of pain, because the physician's own notes attached to the affirmation and incorporated therein are replete with statements that plaintiff exhibited full range of motion with no objective evidence of neck or back injury (*see Toure*, 98 NY2d at 350; *Jaromin*, 39 AD3d at 1265; *Cullen v Treen*, 30 AD3d 1086, 1087 [2006]; *Howard v Rogalski*, 291 AD2d 909 [2002]). Finally, with respect to the significant limitation of use category, the affidavit of plaintiff's attorney lacks evidentiary value (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]), and the unsworn medical reports attached thereto "fail to raise an issue of fact because they are not in admissible form" (*Butera v Woodhouse*, 267 AD2d 1039 [1999]; *see Grasso v Angerami*, 79 NY2d 813, 814 [1991]).

Defendants also met their initial burden of establishing as a matter of law that plaintiff did not sustain a serious injury under the 90/180 category by submitting the deposition testimony of plaintiff establishing that she was disabled for only 85 days out of the 180 days following the accident (*see Moore v Gawel*, 37 AD3d 1158, 1159 [2007]). Plaintiff's submissions in opposition to the motions fail to raise a triable issue of fact with respect to that category of serious injury. We note in particular that the affirmation and office notes of plaintiff's treating physician fail to identify any objective medical evidence establishing that the accident caused the alleged limitations on plaintiff's activities (*see Beaton*, 50 AD3d at 1502; *Calucci*, 299 AD2d at 898). Further, the self-serving affidavit of plaintiff stating that he was unable to return to work and could no longer participate in many recreational activities as a result of his injuries is insufficient to raise a triable issue of fact, in the absence of "a physician's affidavit substantiating the existence of a medically determined injury which caused the alleged limitation of [his] activities" (*Jackson v New York City Tr. Auth.*, 273 AD2d 200, 201 [2000]; *see Kauderer v Penta*, 261 AD2d 365, 366 [1999]). Present—Smith, J.P., Lunn, Fahey and Peradotto, JJ.