[872 NYS2d 24]

Ramos Aguilar Delfino, Respondent, v Rodolfo Luzon, Appellant.

First Department, January 22, 2009

## APPEARANCES OF COUNSEL

*Baker, McEvoy, Morrissey & Moskovits, P.C.*, New York City (*Stacy R. Seldin* of counsel), for appellant.

*Shanker & Shanker, P.C.*, New York City (*Steven J. Mines* of counsel), for respondent.

## OPINION OF THE COURT

BUCKLEY, J.

Defendant satisfied his prima facie burden of entitlement to summary judgment dismissing the complaint based on the affirmations of his expert witnesses. The defense radiologist's review of an MRI film of plaintiff's left shoulder, taken 17 days after the accident, showed normal osseous structures, labrum, deltoid muscle and biceps tendon, and no rotator cuff injury, tendinitis, osteochondral defect or fracture. There was some fluid in the acromioclavicular joint, which the radiologist believed would "resolve without intervention due to the absence of any ligamentous, osseous, or tendinous etiology." An MRI film of plaintiff's lumbar spine, taken six weeks after the accident, was normal, other than dessication and bulging at the L5 transitional S1 vertebral level, which resulted from a condition with which plaintiff was born. The radiologist stated that the dessication could not have occurred during the interval between the accident and the examination, but rather was "indicative of pre-existing, degenerative change likely associated with the congenital variant." Similarly, the bulging was "related to ligamentous laxity" and was "degenerative in nature." Notably, there were no osseous, ligamentous or intervertebral disc changes of recent or post-traumatic origin.

Upon conducting a physical examination of plaintiff, defendant's orthopedist determined that plaintiff had full range of motion of the lumbar spine and left shoulder, and plaintiff's medical records did not show a substantial injury to either of those two regions. The fluid around plaintiff's acromioclavicular joint, evident in the MRI film, was consistent with mild joint sprain. Surgical records indicated that an operation on plaintiff's left shoulder $3^{1/2}$ months after the accident was for a "congenital/degenerative condition of subacromial impingement related to an abnormally shaped (dysmorphic) acromion which was reshaped surgically."

The opinions of defendant's experts were confirmed by plaintiff's own MRI report, which found only "fluid and/or soft tissue inflammation surrounding the acromioclavicular joint" and noted that the "MRI of the left shoulder [was] otherwise unremarkable."

In opposition to defendant's medical evidence of no serious injury, plaintiff submitted an affirmation from a nontreating physiatrist who examined him 10 months after the accident and again four months after that. Although the expert listed specific numeric losses of range of motion for the left shoulder, he failed to describe what tests were used or provide any objective basis to substantiate his range of motion assessments, his opinion that the restrictions were causally linked to the accident, or his prognosis that plaintiff will never fully recover and might require further surgery. Those omissions in plaintiff's expert's affirmation are fatal to plaintiff's claim (see Rodriguez v Abdallah, 51 AD3d 590 [2008]; Smith v Cherubini, 44 AD3d 520 [2007]; Munoz v Hollingsworth, 18 AD3d 278 [2005]). The absence from the record of objective findings of limited range of motion contemporaneous with the accident compounds the inadequacy of plaintiff's opposition (see Lloyd v Green, 45 AD3d 373 [2007]).

More importantly, plaintiff's expert did not even address, let alone rebut, the objectively substantiated findings of defendant's experts that plaintiff's conditions are congenital and degenerative, and therefore did not raise a triable issue of fact as to causation (see Mullings v Huntwork, 26 AD3d 214, 216 [2006]). In addition, plaintiff's expert did not attempt to reconcile his conclusory assertion that the shoulder surgery was necessitated by accident-related injuries with the MRI report describing the shoulder as "unremarkable" other than "fluid and/or soft tissue inflammation surrounding the acromioclavicular joint."

Accordingly, the order of the Supreme Court, New York County (Deborah A. Kaplan, J.), entered May 21, 2008, which denied defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff had not suffered a "serious injury" within the meaning of Insurance Law § 5102 (d), should be reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Tom, J.P., Friedman, Acosta and Freedman, JJ., concur.

Order, Supreme Court, New York County, entered May 21, 2008, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.