GERALD F. WEAVER et al., Respondents, v TOWN OF PENFIELD, Appellant, et al., Defendant. [891 NYS2d 795]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Gerald F. Weaver (plaintiff), a paramedic supervisor employed by Monroe Ambulance, when an ambulance owned by defendant Penfield Volunteer Emergency Ambulance Service, Inc. collided with a vehicle driven by an employee of the Town of Penfield (defendant). Plaintiffs moved for partial summary judgment both on liability and on the ground that plaintiff sustained a serious injury to his left shoulder under the permanent consequential limitation of use and significant limitation of use categories set forth in Insurance Law § 5102 (d). Defendant cross-moved for summary judgment dismissing the complaint against it on the ground that plaintiff did not sustain a serious injury under those two categories, the only two alleged by plaintiffs. As relevant on appeal, Supreme Court granted that part of plaintiffs' motion for summary judgment with respect to negligence against defendant and denied defendant's cross motion, determining that there are triable issues of fact whether plaintiff sustained a serious injury under the significant limitation of use and the 90/180-day categories. We note at the outset that the court erred in determining sua sponte that there are issues of fact with respect to the 90/180-day category, inasmuch as plaintiffs did not allege in their complaint, as amplified by the bill of particulars and supplemental bill of particulars, that plaintiff had sustained such an injury, nor in any event did they assert that he had sustained such an injury in their motion papers. We further note that only defendant has taken an appeal, and thus the sole issue before us with respect to serious injury concerns the viability of the significant limitation of use category of serious injury, the court having determined that there were issues of fact only with respect to that category and the 90/180-day category.

We conclude that the court should have granted the cross motion and dismissed the complaint against defendant, inasmuch as defendant established as a matter of law that plaintiff did

not sustain a serious injury under the significant limitation of use category of serious injury (*see Harris v Carella*, 42 AD3d 915, 916 [2007]), and plaintiffs failed to raise a triable issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In order to satisfy the serious injury threshold pursuant to Insurance Law § 5102 (d), a plaintiff must present "objective proof" of an injury; subjective complaints of pain alone are insufficient (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]). "In addition, [an] expert must provide either 'a numeric percentage of a plaintiff's loss of range of motion' or a '*qualitative* assessment of a plaintiff's condition . . . , provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system' " (*Leahey v Fitzgerald*, 1 AD3d 924, 925-926 [2003], quoting *Toure*, 98 NY2d at 350).

In support of the cross motion, defendant submitted the affirmed report of an orthopedic surgeon who examined plaintiff at its request. The surgeon reviewed plaintiff's medical records and concluded that there were no objective findings of any injury caused by the motor vehicle accident at issue. Defendant also submitted the report of a physician concluding that an X ray of plaintiff's left shoulder taken a few days after the accident did not show a fracture or dislocation and that the shoulder was "[u]nremarkable." In addition, an MRI of plaintiff's left shoulder taken a few months after the accident showed no evidence that plaintiff sustained a partial or full rotator cuff tear or a labral tear. We thus conclude that defendant established that plaintiff sustained only a mild shoulder "strain" as a result of the accident and that there was no objective medical evidence that he sustained a significant injury to his left shoulder (*see Herbst v Marshall* [appeal No. 2], 49 AD3d 1194, 1195 [2008]; *Harris*, 42 AD3d at 916; *see also Delfino v Luzon*, 60 AD3d 196, 197 [2009]; *see generally Toure*, 98 NY2d 353).

In support of their motion and in opposition to the cross motion, plaintiffs failed to submit any objective medical evidence that plaintiff sustained a serious injury to his left shoulder (*see generally Toure*, 98 NY2d at 350; *Barnes v Estes*, 46 AD3d 1441 [2007]). Plaintiffs submitted a report from a workers' compensation evaluation conducted more than one year after the accident, which states that plaintiff sustained an "[i]mpingement" of his left shoulder and that he lacked 20 degrees of abduction and 30 degrees of flexion in that shoulder. Although an expert's quantitative assessment of the degree of a plaintiff's loss of range of motion may be used to substantiate a claim of serious

injury (*see Toure*, 98 NY2d at 350), here the workers' compensation report failed to relate the range of motion losses to any objective findings of injury to plaintiff's left shoulder (*see Beaton v Jones*, 50 AD3d 1500, 1502 [2008]). Indeed, that report notes that the MRI of plaintiff's left shoulder contained no evidence of a tear or other acute injury. Moreover, the report does not recite the tests used to ascertain the degree of plaintiff's loss of range of motion (*see Delfino*, 60 AD3d at 198; *cf. Harris*, 42 AD3d at 917), and it also does not account for the absence of range of motion restrictions in plaintiff's left shoulder immediately following the accident (*see Beaton*, 50 AD3d at 1502; *Guadalupe v Blondie Limo, Inc.*, 43 AD3d 669 [2007]).

Although the record contains some objective evidence of an injury to plaintiff's cervical spine, we note that the complaint, as amplified by the bill of particulars and supplemental bill of particulars, does not allege that plaintiff sustained a serious injury to his cervical spine as a result of the accident.

Finally, in view of our determination that plaintiff did not sustain a serious injury, we need not address defendant's contention that the court erred in granting that part of plaintiffs' motion with respect to defendant's negligence. We therefore dismiss that part of plaintiff's motion as moot. Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Gorski, JJ.