▪ ALYSIA J. LAUFFER et al., Respondents, v JENNIFER L. MACEY et al., Appellants. [903 NYS2d 631]—Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered May 15, 2009 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.

Memorandum: Plaintiffs commenced this action seeking dam-

ages for injuries allegedly sustained by Alysia J. Lauffer (plaintiff) when the motor vehicle she was operating was rear-ended by a vehicle owned by defendant Patricia A. Macey and operated by defendant Jennifer L. Macey. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under the four categories alleged in the complaint, as amplified by the bill of particulars, i.e., permanent loss of use, permanent consequential limitation of use, significant limitation of use, and 90/180-day categories. We conclude that Supreme Court erred in granting the motion only insofar as plaintiffs alleged that plaintiff sustained a serious injury under the permanent loss of use category and that the court should have granted the motion in its entirety. Defendants met their initial burden on the motion by submitting an affirmed report of a physician who examined plaintiff at their request and concluded that there was no objective evidence that plaintiff sustained a serious injury as a result of the accident (*see e.g. McConnell v Freeman*, 52 AD3d 1190, 1191 [2008]; *Lux v Jakson*, 52 AD3d 1253 [2008]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002]; *Weaver v Town of Penfield*, 68 AD3d 1782, 1784 [2009]). The certified medical records of one of plaintiff's treating physicians submitted by plaintiffs in opposition to the motion were insufficient to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). None of the findings of that physician is based on objective evidence of an injury (*see e.g. Beaton v Jones*, 50 AD3d 1500, 1502 [2008]; *Calucci v Baker*, 299 AD2d 897 [2002]), and, in any event, to the extent that the physician concluded that plaintiff's symptoms were caused by the accident, that conclusion is speculative and conclusory (*see e.g. Alloway v Rodriguez*, 61 AD3d 591 [2009]; *Innocent v Mensah*, 56 AD3d 379 [2008]). Present—Smith, J.P., Fahey, Carni, Green and Gorski, JJ.