SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1027**
**CA 11-00581**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

MICHAEL RISSEW AND DEBORAH RISSEW,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

MARK L. SMITH AND TRISHIA BARKER,
DEFENDANTS-APPELLANTS.

---

MURA & STORM, PLLC, BUFFALO (KRIS E. LAWRENCE OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered September 30, 2010 in a personal injury action. The order, insofar as appealed from, denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Michael Rissew (plaintiff) when the motor vehicle operated by plaintiff collided with a vehicle owned by defendant Trishia Barker and operated by defendant Mark L. Smith. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of the three categories alleged in the complaint, as amplified by the bill of particulars, and Supreme Court denied defendants' motion.

We agree with defendants that the court erred in denying those parts of the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. Defendants met their initial burden on the motion by submitting, inter alia, "[two] affirmed report[s] of a physician who examined plaintiff . . . and concluded that there was no objective evidence that plaintiff sustained a serious injury as a result of the accident" (*Lauffer v Macey*, 74 AD3d 1826, 1827). In opposition to the

motion, plaintiffs failed to raise a triable issue of fact whether plaintiff sustained a serious injury under those two categories (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). We therefore modify the order accordingly.

We further conclude, however, that the court properly denied the motion with respect to the 90/180-day category of serious injury. Although defendants established their entitlement to judgment as a matter of law with respect to that category (*see generally id.*), plaintiffs submitted evidence raising a triable issue of fact whether plaintiff sustained a qualifying injury or impairment thereunder (*see Nitti v Clerrico*, 98 NY2d 345, 357). Specifically, plaintiffs submitted the affidavit and records of plaintiff's chiropractor demonstrating, inter alia, that plaintiff sustained a loss of range of motion in his cervical and lumbar spine and localized edema in his cervical spine and muscle spasms, and the detection of spasms through cervical palpation constitutes medically objective evidence of plaintiff's injury (*see id.; Pugh v DeSantis*, 37 AD3d 1026, 1028). Plaintiffs also established that plaintiff was unable to perform substantially all of his customary and usual activities for not less than 90 days during the 180 days immediately following the accident at issue (*see generally Herbst v Marshall* [appeal No. 2], 49 AD3d 1194, 1196).

All concur except MARTOCHE, J., who dissents in part and votes to reverse the order insofar as appealed from in accordance with the following Memorandum: I respectfully dissent in part and would reverse the order insofar as appealed from, grant defendants' motion and dismiss the complaint. I agree with the majority that Supreme Court erred in denying those parts of defendants' motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. As the majority properly notes, defendants met their initial burden of establishing that there was no objective evidence that Michael Rissew (plaintiff) sustained a serious injury as a result of the accident within the meaning of those two categories (*see Lauffer v Macey*, 74 AD3d 1826, 1827). I further agree with the majority that, in opposition, plaintiffs failed to raise a triable issue of fact to defeat those parts of defendants' motion.

I cannot agree with the majority, however, that plaintiffs raised an issue of fact to defeat that part of defendants' motion with respect to the 90/180-day category of serious injury. The majority concludes, and I agree, that defendants met their initial burden by establishing their entitlement to judgment as a matter of law with respect to that category, but the majority further concludes that plaintiffs submitted evidence raising a triable issue of fact whether plaintiff sustained a qualifying injury or impairment under that category. In my view, the majority's reliance on *Nitti v Clerrico* (98 NY2d 345) is misplaced. There, the Court of Appeals concluded that, "[a]lthough medical testimony concerning observations of a spasm can constitute objective evidence in support of a serious injury, the spasm must be objectively ascertained" (*id*. at 357). I cannot agree with the majority that the spasm in this case was objectively

ascertained by plaintiff's chiropractor.  Although the chiropractor indicated that he detected the spasm through "palpation," he did not identify any diagnostic technique that he used to induce the spasm (*see MacMillan v Cleveland*, 82 AD3d 1388, 1391 [Mercure, J., dissenting, in which Malone, Jr., J. concurs]; *see also Tuna v Babendererde*, 32 AD3d 574).  Indeed, the dissenters in *MacMillan* (*id.* at 1392) properly note that the Court of Appeals has held "that a spasm is not considered objective evidence of an injury absent further evidence that the spasm was 'objectively ascertained,' such as evidence of the test performed to induce the spasm [internal citation omitted]."  Here, the chiropractor's affidavit indicated that one MRI showed that plaintiff had disc bulges at numerous locations in the lumbar spine and that another MRI showed a " 'disc bulge osteophyte complex and disc dessication most prominent at C5-C6' " in the cervical spine, but the chiropractor did not explicitly state that plaintiff's loss of range of motion was caused by those disc bulges or by any other objective condition (*see Lauffer*, 74 AD3d at 1827), nor did he address the opinion of defendants' expert that the MRI showed that plaintiff had a degenerative disc condition unrelated to the car accident (*see Caldwell v Grant* [appeal No. 2], 31 AD3d 1154, 1155).  Thus, although the chiropractor "provided numeric percentages of plaintiff's loss of range of motion as well as qualitative assessments of plaintiff's condition" (*Leahey v Fitzgerald*, 1 AD3d 924, 926), the expert "did not relate the loss of [range of motion] to the [MRI results] or any other objective finding" (*Beaton v Jones*, 50 AD3d 1500, 1502).  Moreover, plaintiff's chiropractor did not explain why plaintiff's symptoms should be attributed to injuries sustained in the accident and not to the preexisting degenerative disc condition.  Thus, to the extent that plaintiff's chiropractor concluded that plaintiff's symptoms were caused by the accident, that conclusion is both speculative and conclusory (*see Innocent v Mensah*, 56 AD3d 379, 380).

I further note that, to the extent the majority believes that the affidavit of plaintiff's chiropractor raised an issue of fact by providing objective evidence of a medically determined injury with respect to the 90/180-day category, then the affidavit must necessarily also have satisfied plaintiffs' burden concerning the other categories of serious injury that the majority concludes should have been dismissed as a matter of law because there was no evidence of an objective injury.  Indeed, in his affidavit plaintiff's chiropractor opined to a reasonable degree of medical certainty that plaintiff sustained a serious injury under those two other categories of serious injury.  Thus, in my view, the majority is choosing, in an unexplained and piecemeal manner, both to credit and reject in part the chiropractor's affidavit.

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court