Martoche, J. (dissenting in part).
I respectfully dissent in part and would reverse the order insofar as appealed from, grant defendants’ motion and dismiss the complaint. I agree with the majority that Supreme Court erred in denying those parts of de *1385 fendants’ motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. As the majority properly notes, defendants met their initial burden of establishing that there was no objective evidence that Michael Rissew (plaintiff) sustained a serious injury as a result of the accident within the meaning of those two categories (see Lauffer v Macey, 74 AD3d 1826, 1827 [2010]). I further agree with the majority that, in opposition, plaintiffs failed to raise a triable issue of fact to defeat those parts of defendants’ motion.
I cannot agree with the majority, however, that plaintiffs raised an issue of fact to defeat that part of defendants’ motion with respect to the 90/180-day category of serious injury. The majority concludes, and I agree, that defendants met their initial burden by establishing their entitlement to judgment as a matter of law with respect to that category, but the majority further concludes that plaintiffs submitted evidence raising a triable issue of fact whether plaintiff sustained a qualifying injury or impairment under that category. In my view, the majority’s reliance on Nitti v Clerrico (98 NY2d 345 [2002]) is misplaced. There, the Court of Appeals concluded that, “[although medical testimony concerning observations of a spasm can constitute objective evidence in support of a serious injury, the spasm must be objectively ascertained” (id. at 357). I cannot agree with the majority that the spasm in this case was objectively ascertained by plaintiff’s chiropractor. Although the chiropractor indicated that he detected the spasm through “palpation,” he did not identify any diagnostic technique that he used to induce the spasm (see MacMillan v Cleveland, 82 AD3d 1388, 1391 [2011] [Mercure, J., dissenting, in which Malone, Jr., J., concurs]; see also Tuna v Babendererde, 32 AD3d 574 [2006]). Indeed, the dissenters in MacMillan (at 1392) properly note that the Court of Appeals has held “that a spasm is not considered objective evidence of an injury absent further evidence that the spasm was ‘objectively ascertained,’ such as evidence of the test performed to induce the spasm” (citation omitted). Here, the chiropractor’s affidavit indicated that one MRI showed that plaintiff had disc bulges at numerous locations in the lumbar spine and that another MRI showed a “ ‘disc bulge osteophyte complex and disc dessication most prominent at C5-C6’ ” in the cervical spine, but the chiropractor did not explicitly state that plaintiffs loss of range of motion was caused by those disc bulges or by any other objective condition (see Lauffer, 74 AD3d at 1827), nor did he address the opinion of defendants’ expert that the MRI showed that plaintiff had a degenerative disc condition unrelated to the car accident (see Caldwell v Grant *1386 [appeal No. 2], 31 AD3d 1154, 1155 [2006]). Thus, although the chiropractor “provided numeric percentages of plaintiffs loss of range of motion as well as qualitative assessments of plaintiffs condition” (Leahey v Fitzgerald, 1 AD3d 924, 926 [2003]), the expert “did not relate the loss of [range of motion] to the [MRI results] or any other objective finding” (Beaton v Jones, 50 AD3d 1500, 1502 [2008]). Moreover, plaintiffs chiropractor did not explain why plaintiffs symptoms should be attributed to injuries sustained in the accident and not to the preexisting degenerative disc condition. Thus, to the extent that plaintiffs chiropractor concluded that plaintiffs symptoms were caused by the accident, that conclusion is both speculative and conclusory (see Innocent v Mensah, 56 AD3d 379, 380 [2008]).
I further note that, to the extent the majority believes that the affidavit of plaintiffs chiropractor raised an issue of fact by providing objective evidence of a medically determined injury with respect to the 90/180-day category, then the affidavit must necessarily also have satisfied plaintiffs’ burden concerning the other categories of serious injury that the majority concludes should have been dismissed as a matter of law because there was no evidence of an objective injury. Indeed, in his affidavit plaintiffs chiropractor opined to a reasonable degree of medical certainty that plaintiff sustained a serious injury under those two other categories of serious injury. Thus, in my view, the majority is choosing, in an unexplained and piecemeal manner, both to credit and reject in part the chiropractor’s affidavit. Present — Centra, J.E, Fahey, Sconiers, Green and Martoche, JJ.