# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**158**

**CA 12-00733**

PRESENT: CENTRA, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

ROBERT LABEEF, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

STEVEN H. BAITSELL, INDIVIDUALLY AND AS AN
EMPLOYEE OF FLOWERS BY MR. JOHN AND SEAN
PELKEY, DOING BUSINESS AS FLOWERS BY MR.
JOHN, DEFENDANTS-RESPONDENTS.

---

SHANLEY LAW OFFICES, OSWEGO (P. MICHAEL SHANLEY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KRISTIN L. NORFLEET
OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered July 11, 2011 in a personal injury action. The order granted defendants' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his vehicle was rear-ended by a vehicle owned by defendant Sean Pelkey, doing business as Flowers by Mr. John, and operated by defendant Steven H. Baitsell, individually and as an employee of Flowers by Mr. John. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff contends that the court erred in granting defendants' motion because he sustained a serious injury under the 90/180-day category of serious injury. We reject that contention. Defendants met their initial burden of establishing that plaintiff did not sustain a serious injury under the 90/180-day category, and plaintiff failed to raise a triable issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

In opposition to the motion, plaintiff submitted unsworn medical records, which were not in admissible form and thus were insufficient to show that plaintiff sustained a serious injury under the 90/180-day category (*see Dann v Yeh*, 55 AD3d 1439, 1441). The admissible medical evidence that plaintiff submitted indicated that approximately one month after the accident plaintiff could return to work with some

slight lifting restrictions and that he did not need household help, durable medical equipment or special transportation.  Another admissible medical report indicated that nearly five months after the accident plaintiff walked with a non-antalgic gait, experienced no difficulty getting on and off the examination table or turning from a supine to a prone position, and was able to remove and replace his shoes.  Although plaintiff states in his affidavit that he had some household help immediately after the accident and that his recreational activities were limited, he failed to submit the requisite objective evidence of "a medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]) and to establish that the injury caused the alleged limitations on plaintiff's daily activities (*see Dann*, 55 AD3d at 1441; *Calucci v Baker*, 299 AD2d 897, 898).

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court