# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**509**

**CA 13-01778**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

RONALD GRIFFO, JR., PLAINTIFF-APPELLANT,

V                                                                    MEMORANDUM AND ORDER

DANIEL COLBY, CHERIE ANN COLBY, SAMUEL R.
SCIME, KATHLEEN SCIME AND DANIEL C. DEPRIORE,
DEFENDANTS-RESPONDENTS.
(ACTION NO. 1.)

------------------------------------------------

RONALD GRIFFO, JR., PLAINTIFF-APPELLANT,

V

SAMUEL R. SCIME, KATHLEEN SCIME AND DANIEL C.
DEPRIORE, DEFENDANTS-RESPONDENTS.
(ACTION NO. 2.)

---

LAW OFFICE OF WILLIAM MATTAR, P.C., WILLIAMSVILLE (APRIL J. ORLOWSKI
OF COUNSEL), FOR PLAINTIFF-APPELLANT.

MCCABE, COLLINS, MCGEOUGH & FOWLER, LLP, CARLE PLACE (TAMARA M.
HARBOLD OF COUNSEL), FOR DEFENDANTS-RESPONDENTS DANIEL COLBY AND
CHERIE ANN COLBY.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (WILLIAM L. SHERLOCK OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS SAMUEL R. SCIME, KATHLEEN SCIME
AND DANIEL C. DEPRIORE.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Walker, A.J.), entered December 31, 2012.  The order granted the
motions of defendants for summary judgment and dismissed plaintiff's
complaints.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced these actions seeking damages
for injuries he allegedly sustained in two motor vehicle accidents.
Plaintiff's bills of particulars alleged that, as a result of each
accident, he sustained serious injuries under the permanent loss of
use, permanent consequential limitation of use, significant limitation
of use, and 90/180-day categories of Insurance Law § 5102 (d).  We
conclude that Supreme Court properly granted defendants' motion for
summary judgment dismissing the complaint in each action on the ground

that there was no material issue of fact that plaintiff had sustained a serious injury.

Defendants met their respective burdens with regard to the permanent loss of use, permanent consequential limitation of use, and significant limitation of use categories by submitting the affirmed reports of a physician retained jointly by defendants, for both accidents. The physician, who examined plaintiff and his medical records, concluded that plaintiff had sustained only sprains and strains in the accidents, that those injuries had resolved, and that plaintiff's limitations in his range of motion were evidenced solely by subjective complaints of pain (*see Scheer v Koubek*, 70 NY2d 678, 679; *Rabolt v Park*, 50 AD3d 995, 995; *see also O'Brien v Bainbridge*, 89 AD3d 1511, 1512). In opposition, plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). The affidavit of his chiropractor failed to set forth any objective evidence, including the results of any tests performed, and merely noted that plaintiff's limitations in his range of motion shortly after each accident were accompanied by pain (*see Weaver v Town of Penfield*, 68 AD3d 1782, 1784-1785). The chiropractor's conclusory recitation of statutory language was insufficient to raise a triable issue of fact (*see Carfi v Forget*, 101 AD3d 1616, 1619). With respect to the 90/180-day category, defendants met their respective burdens by submitting plaintiff's deposition testimony, which established that he was not prevented "from performing substantially all of the material acts which constituted his usual daily activities" for at least 90 out of the 180 days following each accident (*Licari v Elliott*, 57 NY2d 230, 238).

Entered: June 20, 2014                                   Frances E. Cafarell
                                                        Clerk of the Court