Kracker v O'Connor (2018 NY Slip Op 01009)





Kracker v O'Connor


2018 NY Slip Op 01009


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, NEMOYER, AND CURRAN, JJ.


1289 CA 17-00868

[*1]PAMELA M. KRACKER AND STEVEN M. KRACKER, PLAINTIFFS-RESPONDENTS,
v
LIAM P. O'CONNOR, DEFENDANT-APPELLANT. 






HAGELIN SPENCER LLC, BUFFALO (MATTHEW D. PFALZER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (KENNETH A. SZYSZKOWSKI OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered February 21, 2017. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use and 90/180-day categories of serious injury within the meaning of Insurance Law § 5102 (d), and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries that Pamela M. Kracker (plaintiff) allegedly sustained as a result of a motor vehicle accident wherein plaintiff's vehicle was stopped at an intersection and was struck from behind by a vehicle owned and operated by defendant. Defendant appeals from an order denying his motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the three categories alleged by plaintiffs, i.e., the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories (see Insurance Law § 5102 [d]).
We conclude that defendant met his initial burden on the motion by submitting evidence establishing as a matter of law that plaintiff did not sustain a serious injury under the permanent consequential limitation of use and 90/180-day categories (see Hoffman v Stechenfinger, 4 AD3d 778, 779 [4th Dept 2004]; Cook v Franz, 309 AD2d 1234, 1234-1235 [4th Dept 2003]; Winslow v Callaghan, 306 AD2d 853, 854 [4th Dept 2003]). Defendant submitted the affidavit of a physician who, after examining plaintiff and reviewing plaintiff's imaging studies, medical records and medical history, opined that plaintiff sustained a "sprain and strain" and "soft tissue injuries," which are "not serious and permanent injuries." Plaintiff testified at her deposition that she missed no work as a result of the accident, and her medical records establish that she was medically cleared to work "without restrictions" less than two weeks after the accident. In opposition, plaintiffs failed to raise an issue of fact with respect to the permanent consequential limitation of use and 90/180-day categories (see Griffo v Colby, 118 AD3d 1421, 1422 [4th Dept 2014]; Yoonessi v Givens, 39 AD3d 1164, 1166 [4th Dept 2007]), and we therefore modify the order accordingly.
We conclude, however, that, although defendant also met his initial burden on the motion with respect to the significant limitation of use category of Insurance Law § 5102 (d), plaintiffs raised an issue of fact by submitting the affirmation of their medical expert (see LoGrasso v City of Tonawanda, 87 AD3d 1390, 1391 [4th Dept 2011]). Specifically, after reviewing plaintiff's medical records and imaging studies, plaintiffs' expert opined that plaintiff sustained a superior [*2]labral anterior and posterior tear to her right shoulder that required surgery and was causally related to the accident.

Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court