Uszkiewicz v Huther (2019 NY Slip Op 07188)





Uszkiewicz v Huther


2019 NY Slip Op 07188


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND TROUTMAN, JJ.


904 CA 18-01866

[*1]ANITA J. USZKIEWICZ, PLAINTIFF-APPELLANT,
v
ANDREW S. HUTHER, EDWARDS AMBULANCE, INC., LAUREN M. CRITELLI, POWER LINE CONSTRUCTORS, INC., AND PLC TRENCHING CO., LLC, DEFENDANTS-RESPONDENTS. 






HANCOCK ESTABROOK, LLP, SYRACUSE (JANET D. CALLAHAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICE OF FRANK J. LAURINO, BETHPAGE (FRANK LAURINO OF COUNSEL), FOR DEFENDANTS-RESPONDENTS ANDREW S. HUTHER AND EDWARDS AMBULANCE, INC. 
LAW OFFICES OF THERESA J. PULEO, SYRACUSE (MICHELLE M. DAVOLI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS LAUREN M. CRITELLI, POWER LINE CONSTRUCTORS, INC. AND PLC TRENCHING CO., LLC. 


 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered September 17, 2018. The order granted defendants' respective motion and cross motion for summary judgment dismissing plaintiff's complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action to recover damages for injuries sustained as a result of a motor vehicle accident, plaintiff appeals from an order that granted defendants' respective motion and cross motion for summary judgment dismissing the complaint against them. Plaintiff contends that Supreme Court erred in granting the motion and cross motion with respect to her claim under the 90/180-day category of serious injury (see generally Insurance Law § 5102 [d]). We reject that contention. Defendants met their initial burdens with respect to the 90/180-day category by submitting evidence establishing as a matter of law that plaintiff did not sustain a serious injury under that category, and plaintiff failed to raise an issue of fact in opposition (see Kracker v O'Connor, 158 AD3d 1324, 1325 [4th Dept 2018]; LaBeef v Baitsell, 104 AD3d 1191, 1192 [4th Dept 2013]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court